UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL MEDINA,

                              Plaintiff,

      v.

TODD ANGRIGNON, et al.,

                              Defendants.
_____

DECISION & ORDER

15-CV-0427RJA

On May 7, 2015, plaintiff Angel Medina ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, asserting claims arising out of defendants' use of physical force against him.  (Docket # 1).  Currently before this Court are plaintiff's requests for appointment of counsel.  (Docket ## 60, 62, 64, 70).[1]  In his submissions, plaintiff states that he has difficulty understanding the English language and that he faces imminent deportation.  (Docket ## 60, 62, 64, 70).  By Decision and Order dated May 6, 2021, the district court determined that a reasonable trier of fact could return a verdict in favor of plaintiff on his claims against defendants Angrignon and Janora and that a trial of those claims was warranted.  (Docket # 71).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

---

[1] Also pending before the Court are motions seeking miscellaneous relief that should be denied as moot. (Docket ## 3, 59, 63, 71).  Specifically, plaintiff filed a motion seeking leave to proceed *in forma pauperis*; that relief was previously granted by Decision and Order dated December 1, 2015.  (Docket ## 3, 63).  Additionally, plaintiff requested copies of certain documents in order to respond to defendants' pending summary judgment motion, as well as an extension of time to respond to that motion.  (Docket ## 59, 71).  As noted above, that motion was decided on May 6, 2021.  (Docket # 71).  In its decision, the district court acknowledged plaintiff's request for an extension of time, but concluded that the request was moot because plaintiff had "already meaningfully responded" to the motion.  (*Id.* at 19).  For the same reason, plaintiff's request for copies of documents in order to respond to the summary judgment motion is likewise moot.  (Docket ## 59, 71).

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Having reviewed the facts presented herein in light of the factors required by law and pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that appointment of counsel to assist plaintiff with the prosecution of his claims is justified by the circumstances of this case.

Accordingly, plaintiff's requests for appointment of counsel **(Docket ## 60, 62, 64, 70)** are **GRANTED**, and plaintiff's requests for copies of documents and authorization to

proceed *in forma pauperis* **(Docket ## 59, 63)** are **DENIED as moot**. This is a "full-scope appointment" pursuant to Rule 83.8(A)(1) of the Local Rules of Civil Procedure, and "the appointed attorney shall represent [plaintiff] in the action until a final judgment is entered (or some other order is entered terminating the action." *See* Local Rule of Civil Procedure 83.8(E)(1). The Court hereby directs that the Pro Bono Program Administrator begin the process for appointment of pro bono counsel. In doing so, the Pro Bono Program Administrator should make reasonable attempts to identify and appoint counsel who is able to converse in Spanish.

**IT IS SO ORDERED.**

                                                                          *s/Marian W. Payson*
                                                                          MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated:  Rochester, New York
        May 25, 2021