UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL MEDINA, a/k/a Antonio Pineda,

                        Plaintiff,

      v.

TODD ANGRIGNON, et al.,

                        Defendants.
_____

DECISION & ORDER

15-CV-0427RJA

## INTRODUCTION

Plaintiff Angel Medina, also known as Antonio Pineda ("plaintiff"), commenced this action *pro se* on May 7, 2015 pursuant to 42 U.S.C. § 1983. (Docket # 1). In his Second Amended Complaint, which is now the operative complaint, plaintiff asserts claims arising out of defendants' use of physical force against him while he was incarcerated at Attica Correctional Facility. (Docket # 26). In a Decision and Order dated May 6, 2021, Hon. Richard J. Arcara, United States District Judge, determined that a reasonable trier of fact could return a verdict in favor of plaintiff on his claims against defendants Correction Officer ("CO") Todd Angrignon and CO Leonard Janora, but that summary judgment was appropriate as to plaintiff's claim against defendant Sergeant John Schlaggel. (Docket # 71).

Following the district court's summary judgment decision, on May 25, 2021, the undersigned[1] granted plaintiff's requests for appointment of counsel (*see* Docket ## 60, 62, 64,

---

[1] By Order dated March 10, 2016, Judge Arcara referred all pretrial matters in the above-captioned case to Hon. Hugh B. Scott, United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 12). That Order also directed the Magistrate Judge to "hear and report upon dispositive motions for the consideration of

70) and authorized a full-scope *pro bono* appointment pursuant to Rule 83.8 of the Local Rules of Civil Procedure. (Docket # 73). On July 27, 2021, the Court assigned Barry Ronner ("Ronner"), Esq., and Michael Perley ("Perley"), Esq., to provide *pro bono* representation to plaintiff "in this case until a final judgment is entered (or some other order is entered terminating the action)" and directed counsel to contact plaintiff by August 3, 2021. (Docket # 75 at 2-3). In that same Order, the Court noted that plaintiff had been released from state custody and detained by U.S. Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Center located in Batavia, New York. (*Id.* at 1). Soon after the appointment of *pro bono* counsel, plaintiff was removed from the United States to the Dominican Republic in late July/early August 2021, where he apparently still remains. (*See* Docket # 76-1 at 1-2).

Plaintiff's removal from the United States has prompted the two pending motions addressed herein. First, on September 13, 2021, plaintiff filed a motion to stay this case "until the circumstances surrounding [his] removal have been resolved." (Docket # 76). Second, plaintiff's *pro bono* counsel Ronner recently filed a motion to withdraw as counsel on April 18, 2022, pursuant to Rule 83.2(c)(4) of the Local Rules of Civil Procedure in light of the apparently uncertain future of this case caused by plaintiff's removal. (Docket # 79).[2] Defendants have not taken a position on either motion.

For the reasons stated below, the motion for a stay is denied without prejudice. The motion to withdraw as *pro bono* counsel is also denied without prejudice.

---

the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." (*Id.*). By Order dated March 4, 2021, this matter was reassigned from Judge Scott to the undersigned. (Docket # 68).

[2] Rule 83.8(d)(1) of the Local Rules of Civil Procedure states that "[a]ny application to withdraw as [*pro bono*] counsel after an Order of Appointment is issued shall be made pursuant to the procedure set forth in [Rule 83.2(c) of the Local Rules of Civil Procedure]."

**DISCUSSION**

**I.      The Motion for a Stay**

As noted above, plaintiff requests that this Court stay this matter "until the circumstances surrounding [his] removal [from the United States to the Dominican Republic] have been resolved," even though there is "currently not a new immigration case" concerning plaintiff's immigration status. (Docket ## 76; 76-1 at 2). In plaintiff's view, a stay is required because (1) "a determination of the lawfulness of his removal is necessary prior to proceeding with this [c]ivil matter," and (2) attorney-client communications have been "difficult if not impossible" due to plaintiff's removal and, as of September 2021, have "ceased." (Docket # 76-1 at 2-3). For the reasons stated below, I disagree that these reasons justify a stay.

"District courts have broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings" – authority which "stems from the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (Jackson, J.) (quotations omitted) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)). In determining whether to exercise this discretion to enter a stay, courts should consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Fairbank Reconstruction Corp. v. Greater Omaha Packing Co.*, 2014 WL 693001, *1 (W.D.N.Y. 2014) (citation omitted). "[T]he party seeking a stay bears the burden of

showing that the stay is needed and warranted." *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d at 137.

Moreover, "[a] stay is an intrusion into the ordinary processes of administration and judicial review," *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) (citation omitted), and thus should be granted only in "rare circumstances," *Landis v. N. Am. Co.*, 299 U.S. at 255. *Accord Nat'l Indus. for Blind*, 296 F. Supp. 3d at 137 ("[d]espite the broad discretion afforded to the courts in granting a stay, it is well established that a stay pending the resolution of unrelated legal proceedings is an extraordinary remedy"). Critically, stays of indefinite duration are generally disfavored. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[g]enerally, stays should not be indefinite in nature"); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("stay orders will be reversed when they are found to be immoderate or of an indefinite duration"); *see also Landis*, 299 U.S. at 257 ("[t]he stay is immoderate *and hence unlawful* unless so framed in its inception that its force will be spent within reasonable limits") (emphasis supplied).

Here, plaintiff does not address the relevant factors set forth above – or the legal framework, more generally – for the issuance of a stay. In any event, the two reasons offered by plaintiff in support of the motion are insufficient at this time to grant what would effectively be an indefinite stay of these proceedings.

Although the Court certainly appreciates that plaintiff's removal to the Dominican Republic has created communication difficulties, plaintiff does not explain how a stay would help to resolve those issues. Nor does the record demonstrate that counsel exhausted reasonable efforts to communicate with plaintiff before seeking a stay. According to counsel, following his initial meeting with plaintiff on July 30, 2021, plaintiff's daughter notified him of plaintiff's

removal on August 4, 2021, he called plaintiff (unsuccessfully) at two separate phone numbers provided by plaintiff's daughter before communication with plaintiff "ceased," and the motion was filed on September 13, 2021.  (*See* Docket # 76-1 at 1-2).  In fact, counsel's recently filed motion to withdraw suggests that Ronner *has* been in communication with plaintiff since the motion for a stay was filed.  (*See* Docket # 79 at ¶ 8 ("[p]laintiff told [Ronner] [at their initial meeting in July 2021] and in *subsequent conversations* that he had not requested to be removed from the United States, nor did he have any idea that he would be removed when he was at the end of July 2021") (emphasis supplied); *see also id.* at ¶ 10 ("[p]laintiff and/or his family members *have consistently inquir[ed] with* [Ronner] as to the status of this case") (emphasis supplied)).  On this record, a stay does not appear to be warranted on the grounds that effective communication is not possible as a result of plaintiff's removal.

In addition, plaintiff does not explain why "a determination of the lawfulness of his removal is necessary *prior to* proceeding with this [c]ivil matter."  (Docket # 76-1 at 3 (emphasis supplied)).  Review of the docket reflects that this case appears to be trial ready subject to the district court's trial calendar.  Although plaintiff's physical absence from any future trial may present logistical hurdles, a plaintiff's deportation from the United States and resulting absence does not, standing alone, necessarily prevent a case from proceeding to trial, particularly where the plaintiff is represented by counsel.  *See*, *e.g.*, FED. R. CIV. P. 43(a) ("[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location"); *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) ("[b]ut [the Court] cannot conclude that the use of video depositions or videoconference at trial is virtually impossible or so impractical as to significantly interfere with the operations of the district court or impose an unreasonable burden

5

on [d]efendants in this case, and there is no other need for [plaintiff] to appear [at trial][;] . . . [plaintiff's] absence at trial perhaps could have posed an insurmountable hurdle had he been prosecuting the action pro se[;] [b]ecause [plaintiff's] counsel will be presenting his claims, however, [plaintiff's] absence [caused by his deportation] will be inconsequential"); *see also Kuar v. Mawn*, 2012 WL 3808620, \*9 (E.D.N.Y. 2012) (giving *pro se* plaintiff time to, *inter alia*, retain counsel in order to avoid dismissal of his case due to his deportation and inability to appear for trial[;] "[t]he [c]ourt notes that there is one other potential avenue by which plaintiff may be able to avoid dismissal of this case even if he is unable to return to the United States because of the permanent order of deportation[;] [i]n particular, if he is able to retain counsel[,] . . . the [c]ourt will explore with his attorney the feasibility of a videotaped deposition being taken in Trinidad and Tobago and then utilized for purposes of any trial in this case, which could be prosecuted by his attorney while plaintiff remained in Trinidad and Tobago").

    Moreover, the Court notes that granting plaintiff's request would be tantamount to issuing an indefinite stay of this matter. Plaintiff acknowledges that no immigration proceedings challenging his removal or immigration status have been commenced, and it is not clear when, if ever, any such proceedings will be initiated – let alone resolved. The Court is therefore disinclined to grant a stay that would be so imprecisely defined, particularly on the bases currently provided by plaintiff. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d at 1066; *McKnight v. Blanchard*, 667 F.2d at 479; *see also Landis*, 299 U.S. at 257. The motion for a stay is accordingly denied without prejudice.[3]

---

[3] Plaintiff also requests that this Court appoint him counsel to help resolve his immigration issues, offering that "the Erie County Bar Association Volunteer Lawyers' Project, Inc., is exclusively able to provide *pro bono* representation and has previously represented clients in similar matters involving Administrative Orders of Removal." (Docket # 76-1 at 3). Simply put, this Court has no authority to assign counsel for plaintiff in a yet-to-be-filed immigration matter that is not before this Court, and that request is therefore denied. *See*, *e.g.*, *James v. Keyser*, 2021 WL 1040474, \*1 n.1 (S.D.N.Y. 2021) ("[p]etitioner also requests that counsel be appointed for him in connection with his petition for a writ of error coram nobis in New York state court, but this [c]ourt lacks

## II.     Counsel's Motion to Withdraw as *Pro bono* Counsel

I turn next to Ronner's request to withdraw as *pro bono* counsel pursuant to Rule 83.2(c)(4) of the Local Rules of Civil Procedure. (Docket # 79).

Rule 83.2(c) of the Local Rules of Civil Procedure, entitled "Attorney Withdrawal/Substitution," sets forth the procedure by which "[a]n attorney who has appeared as counsel of record in a civil matter may withdraw or be substituted by successor counsel." In relevant part, the rule states:

> [A]n attorney who seeks to withdraw or be substituted as successor counsel shall file a motion, which must be served upon the client and all other counsel of record. If privileged or otherwise confidential information is reasonably necessary to support the application, such information may be submitted *in camera* to the Court, with a copy to the client only. If the Court takes no action on an unopposed motion for withdrawal or substitution with[in] thirty (30) days of its filing, the motion will be deemed granted.

LOCAL R. CIV. P. 83.2(c)(4). "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Estate of Wiesner*, 2017 WL 1450594, *6 (E.D.N.Y.), *report and recommendation adopted by*, 2017 WL 1458724 (E.D.N.Y. 2017). "The ultimate decision of whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *Id.* (quotations omitted).

As best the Court can understand, Ronner's motion to withdraw is principally based on his "belie[f]" that a stay will have to "be granted at some point absent any sort of

---

jurisdiction over the proceedings in that court"); *Gahano v. Langford*, 2020 WL 8613971, *1 (W.D. Wash. 2020) ("[p]laintiff also contends that he requires counsel to protect him from retaliatory deportation[;] [t]he [c]ourt lacks jurisdiction in this [section 1983] case [to] appoint plaintiff counsel for his immigration proceedings before another court"); *Acosta v. Thomas*, 2019 WL 3811852, *3 (N.D.N.Y. 2019) (declining plaintiff's request for "the assignment of counsel to represent [him] in mediation if [d]efendants so chose to resolve this matter before trial or to represent [him] at another proceeding in regards to this action"; "[a]s a threshold matter, the [c]ourt cannot appoint counsel in another proceeding currently before a different [c]ourt or that has yet to be filed in this [c]ourt"), *aff'd*, 837 F. App'x. 32 (2d Cir. 2020) (summary order).

[i]mmigration [h]earing" and that "ultimately there w[ill] be no progress in th[is] [case] for some time, if ever." (Docket # 79 at ¶¶ 11-12). Ronner also represents that he "does not expect to still be residing near the [c]ourt nor practicing [litigation]" at the time the stay will be lifted, and he is "unable to have indefinite concurrent obligations." (*Id.* at ¶¶ 13-14). Finally, Ronner points out that plaintiff will continue to be "represented by an experienced attorney [Perley]." (*Id.* at ¶ 15).[4]

In light of the fact that Ronner's motion to withdraw is premised on his incorrect assumption that this Court would grant the requested stay, which would delay the progress of this case for a substantial period of time, his motion to withdraw is denied without prejudice. The Court is keenly aware that Ronner is commendably providing *pro bono* representation to plaintiff and that this case has become complicated by plaintiff's removal from the United States. Should reasons other than those addressed herein arise that Ronner believes justify his withdrawal of representation in this matter, he may file a subsequent motion pursuant to Rule 83.2(c)(4) of the Local Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, plaintiff's motion for a stay of these proceedings **(Docket # 76)** is **DENIED**, and counsel's motion to withdraw as *pro bono* counsel **(Docket # 79)** is **DENIED**. Both motions are denied without prejudice to renewal.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May 17, 2022

---

[4] Perley has not taken a position on Ronner's request to withdraw.