UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL MEDINA, also known as
Antonio Pineda,

                    Plaintiff,

      v.

TODD ANGRIGNON, Correction Officer,
and LEONARD JANORA, Correction Officer,

                    Defendants.

**DECISION AND ORDER**
15-CV-427-RJA-MWP

---

## <u>INTRODUCTION</u>

Plaintiff Angel Medina commenced this action *pro se* in 2015 pursuant to 42 U.S.C. § 1983.  Two defendants remain in the case, Correction Officers ("COs") and employees of New York State Department of Corrections and Community Supervision ("DOCCS") Todd Angrignon and Leonard Janora ("Defendants").  Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him by severely beating him on October 24, 2014, while he was incarcerated by DOCCS at Attica Correctional Facility.[1]

---

[1] The Second Amended Complaint (Dkt. No. 26) is the operative complaint.  It also asserted a failure to intervene claim against defendant Sgt./ CO John Schlaggel but the Court granted Schlaggel's motion for summary judgment (Dkt. No. 71).

On May 6, 2021, this Court issued a Decision and Order (Dkt. No. 71) denying Defendants' motion for summary judgment and finding Plaintiff's account of the alleged use of excessive force not incredible as a matter of law.  Although Plaintiff relied largely on his own testimony that contained "occasional inconsistencies," it was not "so patently false" that summary judgment was appropriate.  Moreover, Defendants failed to submit evidence conclusively refuting Plaintiff's version of events.  This Court also found an issue of fact with respect to Plaintiff's level of fluency in the English language, which may explain some of the inconsistencies in his various accounts of the incident.[2]

On May 25, 2021, Magistrate Judge Marian W. Payson docketed a Decision and Order (Dkt. No. 73) granting Plaintiff's requests for appointment of counsel and directing the Pro Bono Program Administrator to begin the process for such appointment and to "make reasonable attempts to identify and appoint counsel who is able to converse in Spanish."  In late July 2021, Plaintiff was appointed *pro bono* counsel (Dkt. No. 75), and around early August 2021, Plaintiff was removed from the United States to the Dominican Republic pursuant to a deportation order issued in the 1990s.

On April 4, 2023, Plaintiff filed a motion (Dkt. No. 91) pursuant to Federal Rule of Civil Procedure 43(a) to permit Plaintiff's trial testimony by video conference transmission from the Dominican Republic.  Plaintiff argues that as the sole witness to the alleged use-of-force, the only alternative to permitting his remote testimony

---

[2] Plaintiff is a Spanish-speaking inmate whose second language is English.  Defendants maintain Plaintiff is fully bilingual.

would be to administratively close the case, which is an extreme remedy and unsupported by the case law and the attendant facts and circumstances. Defendants filed a memorandum in opposition (Dkt. No. 92).  The Court held a proceeding on July 7, 2023, at which time the Court heard oral argument on the Rule 43(a) motion (*see* Dkt. No. 98 [7/7/2023 Tr.]).

At a subsequent status conference on July 11, 2023, the Court indicated it would grant Plaintiff's motion and refer the case back to Magistrate Judge Marian W. Payson for further proceedings.[3]  The instant Decision and Order memorializes the Court's reasons for granting the motion.

## DISCUSSION

Rule 43(a) provides an exception to the general rule that "witnesses' [trial] testimony must be taken in open court," *i.e.*, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  While "[t]he importance of presenting live testimony in court cannot be forgotten," (Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment), district judges have "discretion to allow live testimony by video."  *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020), quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018). The Advisory Committee on the Federal Rules of Civil Procedure has further

---

[3] Judge Payson has since issued an Order (Dkt. No. 107) granting Plaintiff's motion (Dkt. No. 102) to reopen discovery for the limited purpose of deposing Defendants.  In that same Order, Judge Payson also directed the parties to confer and submit to her by no later than November 10, 2023 the agreed-upon dates on which the depositions would be conducted.  The parties later notified Judge Payson that Defendants' depositions would take place on January 3, 2024.

explained that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Plaintiff's attorney, in the Rule 43(a) motion, represents that after Plaintiff was deported from the United States, he consulted with immigration counsel who advised him that under the circumstances of Plaintiff's Order of Removal, there is no legal basis upon which Plaintiff can seek reentry into the United States, even for the limited purpose of testifying at trial.  Plaintiff's counsel also asserts that his law office "will make necessary arrangements to provide an appropriate location, either a law office or court reporting office, to provide video conferencing capability from the Dominican Republic to [the Court][.]"  During oral argument, Plaintiff's counsel clarified that his firm has contacts with attorneys in the Dominican Republic that he can use to assist in arranging for Plaintiff's remote testimony.

Plaintiff cites the seminal Second Circuit case *Rodriguez v. Gusman*, 974 F.3d 108 (2d Cir. 2020), which held that administrative closure of a case due to a plaintiff's unavailability "is a last resort that is appropriate only when all other alternatives are virtually impossible or so impractical as to significantly interfere with the operations of the district court or impose an unreasonable burden on the party opposing the plaintiff's claim."  *Id.* at 110.  The Circuit explained its policy reasons for this stringent standard.  Particularly "when plaintiffs are unavailable due to incarceration or deportation . . . administrative closure may insulate officials from

4

liability for violating the rights of prisoners or immigrants subject to removal." *Id.* at 113. The Circuit has acknowledged that determination of whether to administratively close a case based on a litigant's unavailability at trial is a "case-specific inquiry." *Id.* at 114-15.

The plaintiff in *Rodriguez*, like Plaintiff here, had been deported to the Dominican Republic. *Gusman*, 974 F.3d 111. The Second Circuit held that the district court abused its discretion in closing the case because there were "numerous alternatives" to administrative closure yet the district court "failed to explain why the alternatives were unworkable." *Id.* at 110-11. One of those alternatives was "the use of video depositions or videoconference at trial[.]" *Id.* at 114. Moreover, the Circuit reasoned, "circuit and lower courts alike have found a witness's immigration status to constitute good cause" under Rule 43(a). *Id.* (collecting cases); *see*, *e.g.*, *Angamarca v. Da Ciro, Inc.*, 10 Civ. 4792 (RLE), 2012 WL 5077480, 2012 U.S. Dist. LEXIS 150225, **3-4 (S.D.N.Y. Oct. 15, 2012) ("The legal infeasibility of attending a deposition or trial in person because of one's immigration status rises to the level of compelling circumstances since [the plaintiff] cannot be compelled to attend without either securing requisite authorization or violating immigration laws.").

Judge Payson previously commented on the possible propriety of permitting Plaintiff's remote testimony due to his immigration status, when addressing Plaintiff's motion for a stay. *See Medina v. Angrignon*, 15-CV-0427RJA, 2022 WL 1555083, 2022 U.S. Dist. LEXIS 88706, *6-8 (W.D.N.Y. May 17, 2022) ("Although plaintiff's physical absence from any future trial may present logistical hurdles, a plaintiff's deportation from the United States and resulting absence does not, standing alone,

necessarily prevent a case from proceeding to trial, particularly where the plaintiff is represented by counsel.") (citing Fed. R. Civ. P. 43(a) and collecting cases).

Courts have also permitted contemporaneous transmission rather than in-person testimony in situations "where the witness would have to face international travel, with its attendant costs of time and money," or where obtaining a visa would be difficult. *Virtual Architecture, Ltd. v. Rick*, 08 Civ. 5866 (SHS), 2012 WL 388507, 2012 U.S. Dist. LEXIS 15118, *3-6 (S.D.N.Y. Feb. 7, 2012) ("Given the difficulties faced by the witness in travelling from the Seychelles to the United States, the ready availability of effective two-way videoconferencing equipment, and the relevance to trial of the witness's testimony, the Court finds that plaintiff has shown more than that it is 'merely inconvenient' for [the witness] to testify [in person].").

The parties agree—as stated during oral argument on the instant motion—that Plaintiff cannot return the United States.  Plaintiff's counsel confirmed during consultation with three separate immigration attorneys that it is "impossible" to order Plaintiff's return, even temporarily for a trial.  Plaintiff's testimony and credibility is, quite simply, of paramount importance to the outcome of this case.

In the exercise of its discretion and based on the foregoing authority, the Court finds that securing Plaintiff's physical presence at trial constitutes more than mere inconvenience, and that "good cause and compelling circumstances" warrant permitting Plaintiff's remote testimony using videoconferencing technology.  *See generally Virtual Architecture, Ltd.*, 2012 U.S. Dist. LEXIS 15118, at *5 ("a trial court has broad discretion in controlling the mode and order of interrogating witnesses

and presenting evidence"), citing Fed. R. Evid. 611 and *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006).

Defendants argue that Plaintiff's failure to support his motion with an affidavit which based on his personal knowledge "describ[es] his ability to proceed via remote transmission" is a reason to deny his motion. Defendants' reliance on case law in which district courts denied the parties' respective Rule 43(a) motions because they failed to present good cause and compelling circumstances—rather than mere inconvenience—for their out-of-state witnesses to testify remotely at trial, is misplaced. Such cases are readily distinguishable. *See Freeman v. Jacobson*, 20-CV-10040 (SN), 2022 WL 2657170, 2022 U.S. Dist. LEXIS 120929, *1-3 (S.D.N.Y. July 8, 2022); *Radosti v. Hudson's Bay Co.*, 18-CV-12266 (VSB), 2022 WL 2119299, 2022 U.S. Dist. LEXIS 81031, *1-7 (S.D.N.Y. May 4, 2022).

In both *Freeman* and *Radosti*, the primary impetus behind each Rule 43(a) motion was claimed medical issues precluding or impeding the witnesses' ability to travel, which was not substantiated by any sworn affidavits or medical documentation. In addition, the district court held in *Freeman* that "caretaking responsibilities" (*i.e.*, having "two young children") did not constitute good cause, and even if good cause had been shown for the witness's unwillingness to travel, the plaintiff "failed to establish that her testimony is likely to be so significant as to justify the substantial burden on the Court and trial procedures that remote testimony imposes." *Freeman*, 2022 U.S. Dist. LEXIS 120929, at *3.

Again, it is indisputable that Plaintiff cannot legally reenter the United States, even for purposes of testifying at a brief trial in this matter. Defendants concede this

point, and the Court finds good cause and compelling circumstances under *Gusman* and its progeny.  Thus, Plaintiff's Rule 43(a) motion, comprised of Plaintiff's counsel's declaration made pursuant to 28 U.S.C. § 1746(2), is not defective simply because it is not also accompanied by an affidavit from Plaintiff.

The Court recognizes that there are procedural and administrative hurdles that accompany witness testimony via videoconference technology; hence, the additional requirement under Rule 43(a) that "appropriate safeguards" are in place when a witness testifies remotely.  Such safeguards include, for example, ones for administering the oath, verifying the identity of the witness, protecting against influence (coaching) by persons present with the witness, and providing for accurate video and audio transmission.  Defendants express their concerns about whether proper safeguards may, in fact, be used here, and argue that Plaintiff has failed to provide non-conclusory assurances to this effect.

District courts in this Circuit that have granted Rule 43(a) motions provide examples of "appropriate safeguards" they employed or planned to employ at trial. *See*, *e.g.*, *Rinaldi v. SCA La Goutte, d'Or*, 16-CV-1901 (VSB), 2022 WL 443779, 2022 U.S. Dist. LEXIS 26024, *5-6 (S.D.N.Y. Feb. 12, 2022) (requiring the parties to meet and confer about potential safeguards in advance of trial); *Virtual Architecture, Ltd.*, 2012 U.S. Dist. LEXIS 15118, at *6-7 (describing the trial procedures the Court followed to enable the witness to "observe and comprehend 'the very ceremony of trial and the presence of the factfinder'" and to present the jury with a "close approximation of in person testimony"); *see generally Morrison v. City of New York*, 1:14cv4508,  2022 U.S. Dist. LEXIS 90721, *2 (E.D.N.Y. May 19, 2022)

("[A]ppropriate safeguards are in place.  Videoconference technology allows for live synchronized audio and visual feeds, and courts have found such technology adequate in jury trials.") (collecting cases); *Frias v. Martinez*, 19-CV-2792 (RPK) (PK), 2021 WL 2661093, 2021 U.S. Dist. LEXIS 120094, *2 (E.D.N.Y. June 28, 2021) (same).

The Court finds these illustrations instructive and is also open to suggestions by the parties' attorneys, who have presumably participated in remote proceedings and conducted remote depositions—particularly upon the advent of the COVID-19 pandemic.  The Court need not lay out all the safeguards at this juncture, as which safeguards are necessary will be at least partially dependent on how the Court resolves Plaintiff's anticipated motion for approval of costs in excess of $5,000 for interpreter services, remote facilities, and videographic transmission services.  Moreover, any safeguards surrounding arranging for Plaintiff's remote testimony may become moot by the time this case is scheduled for trial.  During oral argument, Plaintiff's counsel noted that although had been in contact with Plaintiff and knew he was in Santo Domingo at that time, Plaintiff's location could change by the date he is scheduled to testify.

The Court has carefully considered Defendants' remaining arguments advocating for denial of Plaintiff's Rule 43(a) motion.  While several of those points are well taken, the Court has determined that to deny Plaintiff's motion would be tantamount to administrative closure of the case.  Such a result is not compelled by the circumstances presented here.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTED Plaintiff's motion (Dkt. No. 91) pursuant to Rule 43(a) and recommitted the case to Magistrate Judge Payson for further proceedings.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  January 10, 2024
        Buffalo, New York